UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JHO Intellectual Property Holdings, LLC,
and Vital Pharmaceuticals, Inc.,

           Plaintiffs,

  v.                                                    Case No. 0:21cv60451

Ignite International, Ltd.,
Ignite Beverages, Inc., and
James Gracely

           Defendants.

**COMPLAINT FOR TRADEMARK INFRINGEMENT, CANCELLATION OF REGISTRATION, AND UNFAIR COMPETITION**

Plaintiffs JHO Intellectual Property Holdings, LLC ("JHO") and Vital Pharmaceuticals, Inc. ("VPX" and, together with JHO, "Plaintiffs"), for their Complaint and Jury Demand against Defendants Ignite International, Ltd. ("Ignite International"), Ignite Beverages Inc. ("Ignite Beverages"), and James Gracely ("Gracely," and, collectively with Ignite International and Ignite Beverages, "Defendants") allege as follows:

**NATURE OF THIS ACTION**

1. This is an action for infringement of Plaintiffs' federally registered trademark, cancellation of Ignite International's trademark registration, state law unfair competition claims, breach of contract, and tortious interference.

2. Plaintiffs are seeking monetary damages stemming from Defendants' repeated infringement of Plaintiffs' SRO mark, monetary damages stemming from Gracely's breach of a non-compete agreement, monetary damages stemming from Ignite Beverages and Ignite International's tortious interference with the non-compete agreement, cancellation of the

1

registration of Defendants' Z-RO mark, and an injunction enjoining Defendants' use of the Z-RO mark.

## THE PARTIES

1. Plaintiff JHO is a Florida limited liability company with its principal place of business in Weston, Florida.

2. Plaintiff VPX, the exclusive licensee of JHO's SRO mark, is a Florida corporation with its principal place of business in Weston, Florida.

3. Defendant Ignite International is a Wyoming corporation with its principal place of business in Las Vegas, Nevada.

4. Defendant Ignite Beverages is a Delaware corporation with its principal place of business in Los Angeles, California.

5. Defendant Gracely is the former Director of Ignite International, former President of Ignite Beverages, and creator of the Z-RO product at issue. Upon information and belief, Gracely is a resident of Charlotte, North Carolina.

6. Ignite International and Ignite Beverages conduct business throughout the Southern District of Florida. The Z-RO product at issue is a performance beverage sold to retailers and consumers in this judicial district.

7. As pictured below, Ignite Beverages' "Where To Buy" page on its website, https://ignitebeverages.co/pages/where-to-buy, lists stores in this judicial district that carry the Z-RO product:



8. As pictured below, Ignite International's website, https://ignite.co/, advertises the Z-RO product and includes links to Ignite Beverages' website:



3

9. As pictured below, through Ignite Beverages' website, https://ignitebeverages.co/, the Z-RO product is marketed to and available for sale to Florida residents in this judicial district through Ignite Beverages' website which is linked to by Ignite International's website, https://ignite.co/:



10. In addition, through online retailers, such as the Vitamin Shoppe, and the stores identified on Ignite Beverages' website, Ignite International and Ignite Beverages' Z-RO product is marketed to and available for sale to Florida residents in this judicial district.

**JURISDICTION AND VENUE**

11. Plaintiffs brings this action against Ignite International and Ignite Beverages for trademark infringement and cancellation of a trademark registration under the Lanham Act, 15 U.S.C. § 1501, *et seq*. Plaintiffs also assert a claim in accordance with the common law of the State of Florida for unfair competition, a claim for breach of contract, and a claim for tortious interference.

12. This Court has subject matter jurisdiction over Plaintiffs' Lanham Act claims pursuant to 28 U.S.C. §§ 1331 and 1138 because the claims arise under the laws of the United States, including an Act of Congress relating to trademark and unfair competition.

13. This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a) because the state law unfair competition, breach of contract, and tortious interference claims are a part of the same case and controversy as the Lanham Act claims.

14. This Court independently has subject matter jurisdiction over Plaintiffs' claims under 28 U.S.C. § 1332 because the parties are citizens of different states and the matter in controversy exceeds $75,000.00 exclusive of interest and costs.

15. This Court has personal jurisdiction over Ignite International and Ignite Beverages because:

   a. Ignite International and Ignite Beverages have operated, conducted, engaged in, or carried on a business venture in the State of Florida and this judicial district, including the sales of products including the infringing SRO mark from which this action arises, within the meaning of Fla. Stat. § 48.193(1)(a);

   b. This action arises from Ignite International and Ignite Beverages' tortious acts within the State of Florida and this judicial district, including Ignite International and Ignite Beverages' acts of trademark infringement and unfair competition as set forth herein, within the meaning of Fla. Stat. § 48.193(1)(b), and Ignite International and Ignite Beverages acted with knowledge that their tortious acts would be felt by Plaintiffs and others in this judicial district; and/or

   c. Ignite International and Ignite Beverages have engaged in substantial and not isolated activity within the State of Florida and this judicial district within the meaning of Fla. Stat. § 48.193(2).

16. This Court has personal jurisdiction over Gracely pursuant to Fla. Stat. § 48.193(1)(a)(9) because Gracely entered into a contract with VPX that complies with Fla. Stat. §

685.102 as the contract between VPX and Gracely contains a provision by which both parties agreed to submit to the jurisdiction of the courts of the State of Florida.

17. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(2) and 1391(c)(2) because a substantial part of the alleged events giving rise to Plaintiffs' claims occurred in this judicial district, and Ignite International and Ignite Beverages' infringing products that bear the Z-RO mark are situated, distributed, and available for sale in this judicial district and sold to and consumed by consumers located in this judicial district, as are the legitimate products sold by Plaintiffs that bear the SRO mark. In addition, the contract between VPX and Gracely contains a forum selection clause that designates Florida-based courts as the exclusive forum for resolution of any claims arising from the contract.

## BACKGROUND FACTS

**Plaintiffs' SRO Mark**

18. JHO is the owner of all right, title, and interest in and to the SRO trademark, including United States Trademark Registration No. 4,536,197 ("the SRO Registration"). Attached as **Exhibit A** is a true and correct copy of the Certificate of Registration for this mark.

19. The SRO Registration was registered on May 27, 2014, and asserts a date of first use of February 1, 2010, both of which are well before both Ignite's registration and first commercial use of the Z-RO mark. The SRO Registration is for use in connection with "active chemical ingredients for use in the manufacture of pharmaceuticals for treating weight loss" in International Class 001.

20. The SRO Registration is valid, subsisting and in full force and effect.

21. The SRO Registration has acquired incontestable status under Section 15 of the Lanham Act 15 U.S.C. § 1065.

22. Plaintiffs also have common law rights in the SRO mark.

23. VPX is a manufacturer of fitness-focused nutritional supplements and energy drinks.

24. VPX and JHO are affiliated companies and VPX is the exclusive licensee of the SRO mark.

25. Plaintiffs have utilized the SRO mark at least as early as February 1, 2010, in conjunction with dietary supplement products that are sold throughout the United States.

26. Plaintiffs market SRO branded protein products on their websites and are very active in promoting the products to consumers on social media. An example of Plaintiffs' SRO product on VPX's website is pictured below:



27. Plaintiffs have made significant expenditures to advertise and promote products that utilize the SRO mark.

28.     The SRO mark has become famous due to Plaintiffs' use, marketing, and sales. As a result, Plaintiffs have substantial goodwill in the SRO mark due to Plaintiffs' continuous and extensive use of the SRO mark.

**Defendants' Infringing Use of the Z-RO Mark**

29.     Ignite International is the record owner of the Z-RO trademark, which is the subject of United States Trademark Registration Number 6,191,799 ("the Z-RO Registration"). The Z-RO Registration is for the Z-RO mark for use with energy drinks in International Class 032.  Attached as **Exhibit B** is a true and correct copy of the Certificate of Registration for this mark.

30.     Without Plaintiffs' authorization, and after Plaintiffs' acquired the protectable exclusive right in the SRO mark, Defendants adopted and began using the Z-RO mark.

31.     Ignite Beverages uses the Z-RO mark on its performance beverage products as pictured below:



32.     Ignite International advertises the Z-RO product on its website and links to Ignite Beverages' website.

33.     The asserted date of first use of the Z-RO mark is September 4, 2020, which is after Plaintiffs' first use of the SRO mark in commerce.

34. The Z-RO mark is only one letter and a hyphen different from the SRO mark. As a result, there are significant similarities between the sound, meaning, appearance, and commercial impression of the two marks.

35. In addition, Plaintiffs' supplement products bearing the SRO mark and Defendants' products bearing the Z-RO marks are sold in the same channels of trade to the same consumers.

36. For example, as pictured below, both Plaintiffs' and Ignite's products are available to purchase through the Vitamin Shoppe:



37. Plaintiffs' rights in the SRO mark are superior to and predate any rights Defendants have to the Z-RO mark. In addition, the SRO mark has acquired considerable value

9

and is well known to the consuming public and trade as identifying and distinguishing Plaintiffs' products.

38. Ignite International's and Ignite Beverages' use of the Z-RO mark is likely to cause confusion, mistake, or deception with respect to the relationship between Plaintiffs and Ignite.

39. Ignite International's and Ignite Beverages' use of the Z-RO mark is likely to deceive, confuse, and mislead purchasers and prospective purchasers into believing Ignite International's and Ignite Beverages' products are related to or authorized by Plaintiffs. Purchasers, prospective purchasers, and distributors viewing Ignite International's and Ignite Beverages'Z-RO product and perceiving a defect, lack of quality, or any other irregularity are likely to attribute them mistakenly to Plaintiffs.

40. The likelihood of confusion, mistake, and deception engendered by Ignite International's and Ignite Beverages' use of the Z-RO mark is causing irreparable harm to the goodwill symbolized by Plaintiffs' trademarks and reputation for quality that the SRO mark embodies for which Plaintiffs have no adequate remedy at law.

41. Upon information and belief, Defendants knowingly, willfully, intentionally, and maliciously adopted and used a confusingly similar mark to Plaintiffs' mark.

**Gracely's Non-Compete Agreement with VPX**

42. On or around April 25, 2016, Gracely accepted a position with VPX as a Retail Development Manager.

43. On or around April 27, 2016, Gracely executed a Non-Disclosure, Non-Compete, Confidentiality Agreement ("Non-Compete Agreement") with VPX.

44. Under the Non-Compete Agreement, Gracely agreed, among other things, that for a period of one year from his termination date with VPX, he would not:

    a. Directly or indirectly engage in or affiliate with a competing company in any capacity;

    b. Directly or indirectly sell, offer for sale, or solicit to assist in the sale of a produce that competes with a VPX product; and

    c. Directly or indirectly engage or affiliate with VPX's supply chain providers in any capacity where Gracely's duties are similar to those held at VPX

45. While employed at VPX, Gracely became the National Sales Manager.

**Gracely's Employment by Ignite International and Ignite Beverage**

46. On or around July 19, 2019, Gracely submitted a resignation letter to VPX, stating that his last day would be August 2, 2019.

47. Upon information and belief, Gracely promptly began working for Ignite International and Ignite Beverages in August of 2019—both of whom are VPX competitors.

48. Upon information and belief, Gracely served as the President of Ignite Beverages and the Director of Ignite International, Ltd.

49. Upon information and belief, Gracely served as a member of the team that built the foundation for the Z-RO product, contributing to its formulation, manufacturing, and related operations.

50. In addition, upon information and belief, Gracely led Ignite International and Ignite Beverage's sales efforts of the Z-RO product.

## COUNT ONE
## TRADEMARK INFRINGEMENT IN VIOLATION OF THE LANHAM ACT § 32(1) (15 U.S.C. § 1114(1))
**(Against Defendants, Ignite International and Ignite Beverages)**

51. Plaintiffs reallege and incorporate by reference as if fully set forth herein the allegations contained in paragraphs 1 through 50.

52. Plaintiffs own the rights to the SRO mark, which is a valid and enforceable mark.

53. Ignite International and Ignite Beverages have used and continue to use the Z-RO mark in commerce in connection with the Z-RO product.

54. Ignite International and Ignite Beverages' use of the Z-RO mark in commerce as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Ignite International and Ignite Beverages' goods, and is likely to cause consumers to believe, contrary to fact, that Ignite International and Ignite Beverages' goods are sold, authorized, endorsed, or sponsored by Plaintiffs, or that Ignite International and Ignite Beverages' are in some way affiliated with or sponsored by Plaintiffs due to the similarities in the goods and the marks themselves.

55. As a result, Ignite International and Ignite Beverages' use of the Z-RO mark in commerce as alleged herein infringes Plaintiffs' registered trademark, the SRO Registration, in violation of the Lanham Act § 32(1) (15 U.S.C. § 1114(1)).

56. As a direct and proximate cause of Ignite International and Ignite Beverages' actions alleged herein, Plaintiffs have suffered and continue to suffer damages.

57. Ignite International and Ignite Beverages' actions alleged herein have unjustly damaged Plaintiffs' trademark, business reputation, and the good will associated with Plaintiffs' SRO mark.

58. Upon information and belief, Ignite International and Ignite Beverages' have committed the foregoing acts of infringement with full knowledge of Plaintiffs' prior rights in the SRO mark and with the willful intent to cause confusion and trade on Plaintiffs' goodwill, which entitles Plaintiffs to enhanced damages and remedies set forth in 15 U.S.C. §§ 1117 and 1118.

59. Ignite International and Ignite Beverages' conduct is causing immediate and irreparable harm and injury to Plaintiffs, and to their goodwill and reputation, and will continue to damage Plaintiffs for which they have no adequate remedy at law.

## COUNT TWO
## TRADEMARK INFRINGEMENT IN VIOLATION OF THE LANHAM ACT
## § 43(a) (15 U.S.C. § 1125(a))
**(Against Defendants, Ignite International and Ignite Beverages)**

60. Plaintiffs reallege and incorporate by reference as if fully set forth herein the allegations contained in paragraphs 1 through 59.

61. Plaintiffs own the rights to the SRO mark, which is a valid and enforceable mark.

62. Ignite International and Ignite Beverages have used and continue to use the Z-RO mark in commerce in connection with the Z-RO product.

63. Ignite International and Ignite Beverages' use of the Z-RO mark in commerce as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Ignite International and Ignite Beverages' goods, and is likely to cause consumers to believe, contrary to fact, that Ignite International and Ignite Beverages' goods are sold, authorized, endorsed, or sponsored by Plaintiffs, or that Ignite International and Ignite Beverages are in some way affiliated with or sponsored by Plaintiffs due to the similarities in the goods and the marks themselves.

64. As a result, Ignite International and Ignite Beverages' use of the Z-RO mark in commerce as alleged herein infringes Plaintiffs' SRO mark, in violation of the Lanham Act § 43(a) (15 U.S.C. § 1125(a)).

65. As a direct and proximate cause of Ignite International and Ignite Beverages' actions alleged herein, Plaintiffs have suffered and continue to suffer damages.

66. Ignite International and Ignite Beverages' actions alleged herein have unjustly damaged Plaintiffs' trademark, business reputation, and the good will associated with Plaintiffs' SRO mark.

67. Upon information and belief, Ignite International and Ignite Beverages have committed the foregoing acts of infringement with full knowledge of Plaintiffs' prior rights in the SRO mark and with the willful intent to cause confusion and trade on Plaintiffs' goodwill, which entitles Plaintiffs to enhanced damages and remedies set forth in 15 U.S.C. §§ 1117 and 1118.

68. Ignite International and Ignite Beverages' conduct is causing immediate and irreparable harm and injury to Plaintiffs, and to their goodwill and reputation, and will continue to damage Plaintiffs for which they have no adequate remedy at law.

**COUNT THREE**
**CANCELLATION OF TRADEMARK REGISTRATION PURSUANT TO LANHAM ACT §§ 24 and 37 (15 U.S.C. §§ 1092 and 1119)**
**(Against Defendant, Ignite International Ltd)**

69. Plaintiffs reallege and incorporate by reference as if fully set forth herein the allegations contained in paragraphs 1 through 68.

70. Defendant, Ignite International Ltd, claims ownership of the Z-RO Registration.

71. The Z-RO Registration should be cancelled pursuant to 15 U.S.C. §§ 1092 and 1119 because the use of the Z-RO mark in commerce as alleged herein is likely to deceive

consumers as to the origin, source, sponsorship, or affiliation of Defendants' goods, and is likely to cause consumers to believe, contrary to fact, that Defendants' goods are sold, authorized, endorsed, or sponsored by Plaintiffs, or that Defendants are in some way affiliated with or sponsored by Plaintiffs due to the similarities in the goods and the marks themselves.

72. The Z-RO mark is highly similar to Plaintiffs' SRO mark and the Z-RO Registration for the Z-RO mark differs by only one letter and a hyphen from the SRO Registration for the SRO mark.

73. Should the Z-RO mark be allowed to continue to be registered, Plaintiffs would suffer irreparable harm for which they have no adequate remedy at law.

## COUNT FOUR
## COMMON LAW UNFAIR COMPETITION
**(Against Defendants, Ignite International and Ignite Beverages)**

74. Plaintiffs reallege and incorporate by reference as if fully set forth herein the allegations contained in paragraphs 1 through 73.

75. Ignite International and Ignite Beverages' use of the Z-RO mark in promotion of their beverage products and foregoing conduct constitutes an unfair method of competition in violation of Florida's common law.

76. Unless the Court enjoins Ignite International and Ignite Beverages' from employing such unfair methods of competition, Plaintiffs will suffer irreparable harm for which they have no adequate remedy at law.

## COUNT FIVE
## BREACH OF CONTRACT
**(Against Defendant, Gracely)**

77. Plaintiffs reallege and incorporate by reference as if fully set forth herein the allegations contained in paragraphs 1 through 76.

78. On or around April 27, 2016, Gracely entered into a Non-Compete Agreement with VPX.

79. Under the terms of the Non-Compete Agreement, Gracely was prohibited for a period of one year after his employment with VPX from, among other things, engaging or affiliating with a competing company in any capacity, contributing to the sale of a competing product, engaging with VPX's supply chain providers.

80. On or around August of 2019, Gracely took a position with Ignite International and Ignite Beverages, who are competitors of VPX.

81. Upon information and belief, Ignite International and Ignite Beverages intentionally sought to hire Gracely to help develop, sell, and market the Z-RO product.

82. By going to work for a competitor, Gracely materially breached the Non-Compete Agreement.

83. Gracely's material breach of the Non-Compete Agreement harmed VPX and caused VPX to suffer damages.

## COUNT SIX
## TORTIOUS INTERFERENCE WITH A CONTRACT
**(Against Defendants, Ignite International and Ignite Beverages)**

84. Plaintiffs reallege and incorporate by reference as if fully set forth herein the allegations contained in paragraphs 1 through 83.

85. On or around April 27, 2016, Gracely entered into a Non-Compete Agreement with VPX.

86. Under the terms of the Non-Compete Agreement, Gracely was prohibited for a period of one year after his employment with VPX from, among other things, engaging or

affiliating with a competing company in any capacity, contributing to the sale of a competing product, engaging with VPX's supply chain providers.

87. On or around August of 2019, Gracely was hired by Ignite International and Ignite Beverages, who are competitors of VPX.

88. Upon information and belief, Ignite International and Ignite Beverages intentionally sought to hire Gracely to help develop, sell, and market the Z-RO product.

89. Upon information and belief, Ignite International and Ignite Beverages were aware that Gracely previously worked for VPX and aware that Gracely had entered into a Non-Compete Agreement with VPX.

90. Ignite International and Ignite Beverages subsequent employment of Gracely within a period of one year from his employment with VPX tortuously interfered with VPX's contract with Gracely, resulting in Gracely breaching the Non-Compete Agreement with VPX.

91. Ignite International and Ignite Beverages actions and tortious interference, which resulted in the breach of the Non-Compete Agreement by Gracely, harmed VPX and caused VPX to suffer damages.

## JURY DEMAND

92. Plaintiffs hereby demand a trial by jury on all issues triable by a jury alleged or relating to this litigation pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs JHO Intellectual Property Holdings, LLC and Vital Pharmaceuticals, Inc. respectfully request judgement and relief against Defendants as follows:

A. Awarding compensatory damages, in an amount to be determined by the trier of fact, for all harm Plaintiffs have suffered as a result of Defendants' actions, including without limitation, lost sales, revenues, or royalties, disgorgement of Defendants' profits, cost of corrective advertising, and other actual damages;

B.     Ordering a preliminary and permanent injunction prohibiting Defendants' use of the Z-RO mark;

C.     An order directing that Defendants file with the Court and serve upon Plaintiffs' counsel within thirty (30) days after service on an injunction in this action, or such extended period as the Court may direct, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied therewith pursuant to 15 U.S.C. § 1116(a);

D.     An order directing Defendants to cancel with prejudice any and all of its registrations for the Z-RO mark or any mark consisting of, incorporating, or containing Plaintiffs' SRO mark or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof on any state or federal trademark registry;

E.     An order directing the cancellation of the Z-RO Registration and any and all other federal registrations for the Z-RO mark or any mark consisting of, incorporating, or containing Plaintiffs' SRO mark or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof owned or controlled by Defendants pursuant to 15 U.S.C. § 1119;

F.     Treble damages pursuant to 15 U.S.C. § 1117(a) based on Defendants' knowing and intentional use of confusingly similar imitations to Plaintiffs' trademarks;

G.     An order declaring that this is an exceptional case and awarding Plaintiffs the costs of this action and Plaintiffs' reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a);

H.     Awarding prejudgment and post-judgment interest on the foregoing sums; and

I.     Awarding such other and further relief as the Court deems necessary and just.

Date: February 26, 2021                          */s/Zachary S. Foster*
                                                         Zachary S. Foster (Florida Bar No. 111980)
                                                         **QUARLES & BRADY LLP**
                                                         101 E. Kennedy Blvd.,
                                                         Suite 3400
                                                         Tampa, Florida 33602
                                                         Telephone: (813) 387-0300
                                                         Fax: (813) 387-1800
                                                         Zachary.Foster@quarles.com

QB\67079811.6

Nicole M. Murray (*pro hac vice* application forthcoming)
**QUARLES & BRADY LLP**
300 N. LaSalle St.
Suite 4000
Chicago, Illinois 60654-3406
Telephone: (312) 715-5000
Fax: (312) 715-5155
Nicole.Murray@quarles.com

Johanna M. Wilbert (*pro hac vice* application forthcoming)
Nathan J. Oesch (*pro hac vice* application forthcoming)
**QUARLES & BRADY LLP**
411 East Wisconsin Ave.
Suite 2400
Milwaukee, Wisconsin 53202
Telephone: (414) 27-5000
Fax: (414) 271-3552
Johanna.Wilbert@quarles.com
Nathan.Oesch@quarles.com

*Attorneys for Plaintiffs*
*Vital Pharmaceuticals, Inc. and*
*JHO Intellectual Property Holdings, LLC*